NO. 07-06-0170-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 13, 2006

_____

JUAN RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 17512-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**ORDER ON ABATEMENT AND REMAND**

Juan Rodriguez appeals a judgment of conviction rendered by the 47th District Court of Randall County. The clerk's record, which, after extension of the due date, was due no later than July 10, 2006, has not been received. On June 12, 2006, this court was notified by the district clerk that appellant had not paid or made arrangements to pay for the record. By letter, appellant's counsel was directed to certify to the clerk of this court on or before June 19, 2006, in writing, whether Rule 35.3(a)(2) of the Texas Rules of Appellate Procedure had been complied with; if so, the date of compliance, and if not, a reasonable

explanation for non-compliance. No response to the court's letter has been received. We, therefore, abate the appeal and remand the cause to the 47th District Court of Randall County. The judge of said court is ordered to convene a hearing (after notice to appellant and other parties in interest) to determine the following matters:

1. Whether appellant desires to prosecute this appeal;

2. if appellant desires to prosecute this appeal then whether appellant is indigent;

3. whether appellant is entitled to a clerk's record and reporter's record, without charge to appellant;

4. whether appellant is entitled to appointed counsel;

5. if appellant has counsel, whether appellant has been denied the effective assistance of counsel arising from the delay encountered in prosecuting this appeal; and

6. what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or if appellant desires to prosecute this appeal, to assure that the clerk's record will be promptly filed and that the appeal will be diligently pursued.

If the court determines that appellant is indigent and has been denied the effective assistance of counsel, we order it to appoint counsel for appellant.

We next order the court to cause a supplemental clerk's record to be developed. The supplemental clerk's record shall include 1) a transcription of the hearing convened to answer the questions itemized above, 2) findings of fact and conclusions of law answering the questions itemized above, 3) the name, state bar number, and address of any counsel appointed to represent appellant, and 4) all orders made in accordance with this opinion. We further order the court to cause the supplemental clerk's record to be filed

2

with the clerk of this court on or before August 14, 2006. Should additional time be needed to comply with this order, the district court may request the same on or before August 14, 2006.

Per Curiam

Do not publish.